PER CURIAM.
This bar disciplinary proceeding is before us on the complaint of The Florida Bar contesting the report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the findings of the referee, reject in part the referee’s recommendations and impose a public reprimand on respondent.
The referee found that respondent, H. Eugene Johnson, was at all pertinent times a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida. Respondent also was an ordained minister in the Church of Christ.
In March 1983 Kermit Hines retained respondent as his attorney to provide advice for an existing joint venture involving Hines and two other men. The purpose of this joint venture was the recovery of sunken treasure believed to be located in Bahamian territory. Prior to the time when Johnson was retained, the joint venture had filed federal tax forms under the name of a purported limited partnership known as Salvage Enterprises, Ltd. Johnson, at the time he was retained, concluded that a limited partnership should be properly formed, and drafted documents reflecting that he would contribute $5,000 as a limited partner. He never contributed this money.[1]
Later, Hines transferred title of his salvage vessel to respondent, who contended the transfer was to secure his legal fee. Respondent then drafted two charter party agreements “leasing” the vessel back to an associate of Hines to enable him to slip past Bahamian customs officials, purportedly on a fishing trip, but in actuality to engage in a clandestine salvage operation. When the last trip failed, Hines notified respondent that he had found a purchaser for the salvage vessel who would pay $20,-000 for it. At this time, respondent delivered the documents of title to Hines, apparently with the intention that all or part of the proceeds be used to pay respondent’s *296 legal fees. Hines, however, failed to give any portion of the money to respondent. The referee specifically found that respondent was entitled to the proceeds of this sale and that Hines failed to pay.
At this juncture, respondent took the following steps, apparently in an effort to recover the money: (1) He wrote a letter to a bank where Hines had deposited the $20,-000, saying that Hines had stolen the money; (2) He wrote three personal letters to Hines, apparently in his capacity as an ordained minister, disclosing a “revelation” from God that Hines would be visited with a variety of biblical curses unless he paid the money he owed;[2] (3) He filed an affidavit with the state attorney alleging grand theft of the salvage vessel or the proceeds from its sale.
The referee found that respondent violated Integration Rule 11.02(3)(a) (commission of an act contrary to good morals) and Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). According to the final amended report of the referee, these violations occurred when respondent executed the limited partnership agreement with no intent of contributing $5,000 to it, as stated in the agreement itself, and by writing the “threatening” letters to Hines. The referee found that no other violation had occurred, and recommended that a private reprimand be imposed.
The Florida Bar challenges this recommendation on grounds that respondent filed a public document knowing that it contained a false representation as to capital contributions and then attempted to “humiliate and vilify his client” to coerce the payment of his fee.
We agree with the referee’s finding that respondent’s conduct in writing the three letters to Hines constituted unprofessional conduct reflecting adversely on his fitness to practice law. Although we cannot condone respondent’s bizarre fee-collection methods, we do not find that this conduct justifies suspension. As the referee noted:
[T]his Referee finds that said letters, when read carefully, do not constitute any threat that Respondent would in any way harm or injure Mr. Hines. The Respondent is an ordained Minister of the Church of Christ and has been such for a long period of time. Said letters express the Respondent’s beliefs as to what The Lord would do to Mr. Hines as a result of his conduct not only toward Respondent but to other persons. Although the Referee does not understand said views, they might well be in conformance with the Respondent’s religious beliefs. These letters are not the type of correspondence ordinarily written by á lawyer in a controversy with an ex-client over an existing indebtedness. On the other hand, neither the Respondent nor Hines were ordinary people and the controversy between them was not an ordinary fee controversy.
The referee recommended a private reprimand. In light of the finding by the referee that respondent’s behavior was conduct unbecoming a lawyer and that he misrepresented his contribution to the partnership in a public document, we do not find a private reprimand appropriate. Nor do we find that the facts before us justify imposing the 91-day suspension requested by The Florida Bar.
Rather, we impose a public reprimand on respondent, which will consist of the publication of this opinion in the Southern Reporter. Costs in the amount of $2,465.43 are assessed against respondent and in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. Section 620.04, Florida Statutes (1983) and (1985), stated that "contributions of a limited partner may be cash or other property, but not services." (Section 620.04 was repealed effective January 1, 1987, and services are now permissible pursuant to section 620.135, Florida Statutes (1986).)

. Respondent’s first letter advised Hines, among other things, that "The Lord came to me in a vision Saturday night.... God has marked you for destruction.... Your end is near. Curse only yourself, for you alone have doomed yourself.” Respondent, in a second letter, advised Hines that ”[t]he Lord has visited me again [t]o report your continued stiff-necked rebellion." The letter demands the return of money lest Hines suffer the torment of damnation.